**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 10 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN H. MAHORNEY,

      Petitioner-Appellant,

v.

LENORA JORDAN,

      Respondent-Appellee.

Nos. 03-7128, 04-7001
(Eastern District of Oklahoma)
(D.C. No. 99-CV-597-S)

**ORDER**

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

      This matter is before the court on John Mahorney's *pro se* requests for

certificates of appealability ("COA"). Mahorney seeks COAs so that he can

appeal two orders of the district court arising out of the litigation of Mahorney's

28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A)

(providing that no appeal may be taken from a "final order in a habeas corpus

proceeding in which the detention complained of arises out of process issued by a

State court," unless the petitioner first obtains a COA). Because these matters are

moot, we **dismiss** the appeals for lack of Article III jurisdiction. In light of our

conclusion that these appeals are moot, this court need not decide whether Mahorney needs COAs to proceed on appeal.

Mahorney filed his § 2254 habeas petition in November of 1999. The district court denied Mahorney's petition on February 28, 2003; the court entered judgment that same day. Mahorney filed his notice of appeal on March 17, 2003. While his appeal was pending, Mahorney filed a series of additional motions in the underlying § 2254 habeas case relating to disputes between Mahorney and prison officials about Mahorney's voluminous legal materials.[1] The district court denied Mahorney's motions in two minute orders, resulting in the two instant appeals. In summary, the district court concluded that because Mahorney was clearly able to proceed with his appeal of the denial of his underlying § 2254 habeas petition, as demonstrated by the fact that he was meeting all of his deadlines in this court, he was not entitled to additional copies of materials from the record or to injunctive relief against the respondents.

---

[1]We recognize that under the general rule, Mahorney's filing of a notice of appeal from the denial of his § 2254 habeas petition divested the district court of jurisdiction over all aspects of the case involved in the appeal. *Steward v. Donges*, 915 F.2d 572, 575 & n.3 (10th Cir. 1990). Nevertheless, the two orders at issue here, although decided after the filing of Mahorney's initial notice of appeal, relate solely to tangential matters or ministerial functions in aid of appeal. Thus, the district court retained jurisdiction to resolve the matters underlying these two appeals. *Id.*

On February 25, 2004, this court denied Mahorney a COA on his underlying appeal of the denial of his habeas petition and dismissed the appeal. The instant appeals, relating to Mahorney's ability to prosecute that underlying appeal, are therefore moot. Accordingly, this court **DISMISSES** these appeals for lack of Article III jurisdiction.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge